Dyk, Circuit Judge,
concurring.
Ordinary property disputes between individuals and state entities are resolved in state court. In these circumstances, the Eleventh Amendment, which bars suit only in federal courts, does not operate to leave the property owner without a remedy when a suit in federal court is dismissed. See Alden v. Maine, 527 U.S. 706, 755, 119 S.Ct. 2240, 144 L.Ed.2d 636 (1999) (“Many States, on their own initiative, have enacted statutes consenting to a wide variety of suits.”).
Patent inventorship claims are different. A state law remedy is not available, and a claimant’s only remedy lies in a federal cause of action under 35 U.S.C. § 256 to correct inventorship. This is so because federal law ousts state courts of jurisdiction over inventorship claims. The statute provides that “[n]o State court shall have jurisdiction over any claim for relief arising under any Act of Congress relating to patents.” 28 U.S.C. § 1338(a).[1] The statute instead prescribes exclusive jurisdiction in federal courts. See id. Under these circumstances, it seems to me particularly harsh to hold that the federal action—in which the relief sought is directed to the Director of the Patent Office—cannot proceed without the state entity as a party, I note that in University of Utah v. Max-Planck-Gesellschaft Zur Forderung Der Wissenschaften E.V., 734 F.3d 1315, 1328 (Fed. Cir. 2013), we allowed the federal action to proceed without the state entity.
Thus, while I join the majority opinion, it remains for us to determine in another case how the Rule 19(b) factors should apply to a claim for inventorship, given the lack of any alternative remedy.[2] (These concerns may not, of course, extend to a damages claim for misappropriation of patent rights, since a state court remedy may well be available).

. See also Larson v. Correct Craft, Inc., 569 F.3d 1319, 1324-25 (Fed. Cir. 2009) (“There is no doubt that § 256 supplies such a valid basis for federal jurisdiction: an action to correct inventorship under § 256 *aris[es] under' the patent laws for the purpose of § 1338(a).”)

. "The factors for the court to consider include: (1) the extent to which a judgment rendered in the person’s absence might prejudice that person or the existing parties; (2) the extent to which any prejudice could be lessened or avoided by: (A) protective provisions in the judgment; (B) shaping the relief; or (C) other measures; (3) whether a judgment rendered in the person's absence would be adequate; and (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.” Fed. R. Civ. P. 19(b).